**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000422
24-APR-2023
08:02 AM
Dkt. 54 SO**

NO. CAAP-19-0000422

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROMEO Q. BIMBO, Claimant-Appellant-Appellee,
v.
PUA LANI LANDSCAPING DESIGN, INC., Employer-Cross Appellant-
Appellant and HAWAI'I EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Insurance Carrier-Cross Appellant-Appellant,
and
SPECIAL COMPENSATION FUND, Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2016-046)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Employer-Cross Appellant-Appellant Pua Lani Landscaping
Design, Inc. and Insurance Carrier-Cross Appellant-Appellant
Hawai'i Employers' Mutual Insurance Company, Inc. (collectively,
**Employer**) appeal from the **Amended Decision and Order** entered by
the Labor and Industrial Relations Appeals Board (**LIRAB** or **Board**)
on May 8, 2019. For the reasons explained below, we affirm.

Romeo Q. **Bimbo** worked for Pua Lani Landscaping. On
November 27, 2012, he was driving a company van to a worksite.
An oncoming car hit the front left side of the van. Bimbo's
chest hit the steering wheel. He complained of sharp chest pain,
left knee pain, and lower back pain. He made a claim for
workers' compensation benefits.

Jon H. **Scarpino**, M.D. prepared a report for Employer, dated May 5, 2015. He noted that Bimbo's left knee medial meniscus was torn. Surgery had resulted in improvement, but didn't resolve all symptoms. Bimbo also had lower back sprain/strain with persistent pain. There was evidence of underlying spinal stenosis at L4-5. Dr. Scarpino responded to Employer's question:

> 11. *If it is necessary to rate a pre-existing condition based on worsening or aggravation, please provide an apportionment. Please also apportion the impairment that may be attributed to any intervening trauma.*
>
> It does not appear to be necessary to apportion the impairment in relation to the left knee, as there is no indication of previous left knee problems or limited range of motion.
>
> In relation to the lower back, there is a history of a previous injury, with some intermittent symptoms following that injury, but nothing severe enough to prevent Mr. Bimbo from working at a heavy functional level. The records of his previous 2010 injury would be of benefit to try to better clarify the apportionment position.
>
> As well, he has underlying degenerative change in the spine with spinal stenosis predating the subject incident.
>
> Medically, I would apportion 80% of his current symptomatology to the previous injury and underlying degenerative change, which made him more susceptible to injury on 11/27/12, and apportion 20% of his problems to the subject injury itself.

On November 6, 2015, the Disability Compensation Division (**DCD**) of the state Department of Labor and Industrial Relations (**DLIR**) set a hearing for December 9, 2015.

By letter to the DCD administrator dated December 8, 2015, Employer requested joinder of Appellee-Appellee Special Compensation Fund (**SCF**) to apportion liability for permanent disability benefits based on Dr. Scarpino's report.

The DCD decision was filed on February 5, 2016. As to joinder of the SCF, the decision stated:

> Section 12-10-33(a), Hawaii Administrative Rules (HAR), states that the employer had thirty days after the date of Dr. Scarpino's report to notify the SCF of a

preexisting condition. Dr. Scarpino's report is dated 5/5/2015 and the employer's letter to the SCF is dated 12/9/2015,[1] more than thirty days after the date of Dr. Scarpino's report. Accordingly, the employer's request for apportionment of PPD benefits with the SCF is denied.

Employer appealed to the LIRAB. The LIRAB filed a decision and order on June 26, 2018. As to joinder of the SCF, the LIRAB found and concluded that Employer's request for joinder of SCF was based upon Dr. Scarpino's May 5, 2015 IME report, but was not made until December 9, 2015, "after the expiration of the statutory 30-day period" under Hawaii Administrative Rules (**HAR**) § 12-10-33.

Employer moved for reconsideration. The LIRAB granted reconsideration in part:

> IT IS ORDERED that said motion be and hereby is GRANTED IN PART. The Board will issue an Amended Decision and Order, which deletes "statutory" from the reference to the 30-day period, on page 21. Employer's motion is otherwise DENIED. Whether an agency rule is "invalid," as argued by Employer, is to be determined by the courts or the legislature.

The Amended Decision and Order was filed on May 8, 2019. The LIRAB found and concluded:

> 10. The Board finds that Employer has not met its burden to prove an entitlement to an apportionment of permanent disability benefits with the SCF because Employer's notice to the Director of possible SCF involvement was untimely.
>
> . . . .
>
> **ANALYSIS/DISCUSSION**
>
> . . . .
>
> In this case, Employer made its request for joinder of the SCF on December 9, 2015,[2] the day of the hearing scheduled before the Disability Compensation Division. The request for joinder was based on Dr. Scarpino's May 5, 2015 evaluation report and permanent impairment rating of Claimant. Employer did not show any cause, let alone good

---

[1] This may be a typographical error; Employer's letter is dated December 8, 2015.

[2] Employer doesn't challenge this finding of fact. See supra note 1.

3

cause, why the Director should permit filing the written notice long after the expiration of the 30-day period [under HAR § 12-10-33]. Therefore, Employer alone is liable for payment of PTD [sic] payments to Claimant.

**CONCLUSIONS OF LAW**

. . . .

4. The Board concludes that permanent disability should not be apportioned between Employer/Insurance Carrier and the Special Compensation Fund.

This appeal followed.

"Appellate review of a LIRAB decision is governed by the provisions of the Hawaiʻi Administrative Procedure Act relating to judicial review of agency action." Ihara v. State Dep't of Land & Nat. Res., 141 Hawaiʻi 36, 41, 404 P.3d 302, 307 (2017) (citations omitted). The Act provides, in relevant part:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g) (Supp. 2018). Findings of fact are reviewed under the clearly erroneous standard. HRS § 91-14(g)(5); Del Monte Fresh Produce (Haw.), Inc. v. International Longshore & Warehouse Union, Local 142, 128 Hawaiʻi 289, 302, 287 P.3d 190, 203 (2012). Conclusions of law are reviewed de novo under the right/wrong

4

standard.  HRS § 91-14(g)(1), (2), (4); <u>Ihara</u>, 141 Hawaiʻi at 41, 404 P.3d at 307 (citation omitted).

Employer argues: **(1)** the LIRAB's application of HAR § 12-10-33 was erroneous; **(2)** the SCF waived, or should be estopped from asserting, the 30-day deadline under HAR § 12-10-33; and **(3)** a conflict of interest existed.

**(1)**  HAR § 12-10-33 (effective 2013) pertains to Employer's claims against the SCF.  It provides, in relevant part:

> (a)   In any case, including death, where an employer believes that section 386-33, HRS [Hawaii Revised Statutes],[3] applies, the employer shall give the director written notice ***no later than thirty calendar days after the date of the initial rating report indicating evidence of pre-existing disability***.  The notice shall state the reasons underlying the employer's belief that section 386-33, HRS, applies and shall include a copy of the rating report or the final decision of the director or the appellate board indicating evidence of the pre-existing disability.  Upon good cause shown, the director may permit the employer to file the written notice after the expiration of the time period.  Failure to file a notice in accordance with this section shall subject the employer to liability for all benefits.

(Emphasis added.)

"The general principles of construction which apply to statutes also apply to administrative rules.  As in statutory construction, courts look first at an administrative rule's language.  Thus, . . . the interpretation of a[n administrative] rule presents a question of law . . . [reviewed] under the right/wrong standard." <u>Cabatbat v. Cnty. of Haw., Dep't of Water Supply</u>, 103 Hawaiʻi 1, 6, 78 P.3d 756, 761 (2003) (cleaned up).

Employer doesn't dispute that its request to join SCF was based on Dr. Scarpino's report of May 15, 2015, or that its

---

[3]    An employer seeking to obtain contribution from SCF for PPD benefits under HRS [Hawaii Revised Statutes] § 386-33 must prove that: (1) the injured employee suffered from a preexisting permanent partial disability; (2) the preexisting permanent partial disability would support an award of thirty-two weeks of PPD benefits; and (3) the preexisting permanent partial disability and the subsequent work-related injury combined to cause a greater present permanent partial disability. <u>Bumanglag v. Oahu Sugar Co.</u>, 78 Hawaiʻi 275, 280, 892 P.2d 468, 473 (1995).

request was made more than thirty days after the date of Dr. Scarpino's report.  The LIRAB's conclusion "that permanent disability should not be apportioned between [Employer] and [SCF]" is supported by the undisputed facts and reflects a correct application of the plain language of HAR § 12-10-33.  See Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007) (noting that conclusion of law supported by trial court's findings of fact and reflecting application of correct rule of law will not be overturned).

Employer argues that "HAR § 12-10-33 imposes an arbitrary, artificial 30-day deadline for the filing of a joinder request[,]" citing Higuchi v. Otaka, Inc., Case No. AB 2012-019 (2-96-02764).  Higuchi is inapposite.  Higuchi was injured in 1996.  The employer paid PPD settlements in 1999 and 2003.  A doctor's report dated November 5, 2010 apportioned part of Higuchi's PPD to "pre-existing permanent disability."  The employer notified SCF of its potential liability on November 10, 2010.  The DCD denied apportionment with the SCF, "finding that Employer did not file a written notice of the SCF's potential liability prior to entering into the" 1999 and 2003 settlements.

The employer appealed.  The LIRAB found that the "November 5, 2010 report is the first rating report evidencing pre-existing permanent disability" and concluded that the November 10, 2010 notice was timely.  In that context, the LIRAB stated that the DCD "cannot effect a denial of apportionment by denying joinder" of the SCF.[4]  By contrast, in this case Employer's request to join SCF was made more than thirty days after Dr. Scarpino's May 5, 2015 report.  The LIRAB did not err by applying the plain language of HAR § 12-10-33.

Employer argues that the LIRAB "should not have automatically 'rubber stamped' the [DCD]'s invalid application of

_____

[4]    The Higuchi case was remanded for the DCD to determine the amount of the SCF's liability.  On remand, the DCD ruled that the SCF must pay PPD benefits in excess of 104 weeks.  Higuchi v. Otaka, Inc., No. CAAP-18-0000019, 2021 WL 5754988 (Haw. App. Dec. 3, 2021) (SDO).  The SCF appealed.  The LIRAB affirmed.  The SCF filed a secondary appeal.  We affirmed.  Id.

HAR § 12-10-33, especially where the SCF participated in trial <u>de novo</u> and did not demonstrate any prejudice."  It was not the SCF's burden to show prejudice because of the late joinder.  HAR § 12-10-33 gives LIRAB discretion to permit an employer to file late written notice of a claim against the SCF "[u]pon good cause shown."  The record does not reflect the Employer attempting to show good cause why LIRAB should allow late joinder of the SCF.  Employer's attempt to shift the burden of persuasion to the SCF is not supported by the plain language of HAR § 12-10-33.

Employer argues that the HAR § 12-10-33 deadline is contrary to "the beneficent, humanitarian purpose" of HRS § 386-33.  However, an injured employee will receive full PPD benefits even if the employer misses the HAR § 12-10-33 deadline.  HAR § 12-10-33 ("Failure to file a notice in accordance with this section shall subject the employer to liability for all benefits.").  Moreover, an employer missing the 30-day deadline is not the only situation in which the SCF would not be liable for apportionment of PPD benefits.  Under HRS § 386-33, if the injured employee's "preexisting loss or impairment of a physical or mental function was not the subject of an award of PPD benefits, and would not have supported an award of thirty-two weeks of compensation for PPD, the employer is liable for the full amount of PPD benefits."  <u>Pave v. Prod. Processing, Inc.</u>, 152 Hawaiʻi 164, 170, 524 P.3d 355, 361 (App. 2022).  Employer cites no authority for the proposition that the legislature intended that the SCF be strictly liable for apportionment of PPD benefits whenever an injured employee had a preexisting loss or impairment of a physical or mental function, or that the DLIR exceeded its rule-making authority under HRS § 386-72 (2015) by promulgating HAR § 12-10-33.

(2)   Employer argues that the SCF waived, or should be estopped from asserting, the 30-day deadline under HAR § 12-10-33, then conflates waiver and estoppel with its erroneous argument on burden of persuasion.

Employer's briefs fail to cite the elements of waiver or estoppel. "[W]aiver is defined as an intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." In re Yoneji Revocable Tr., 147 Hawaiʻi 104, 111, 464 P.3d 892, 899 (App. 2020). "The elements of promissory estoppel include: (1) a promise; (2) at the time the promisor made the promise, the promisor must foresee that the promisee would rely upon the promise (foreseeability); (3) the promisee does in fact rely upon the promisor's promise; and (4) enforcement of the promise is necessary to avoid injustice." Furuya v. Ass'n of Apt. Owners of Pac. Monarch, Inc., 137 Hawaiʻi 371, 387, 375 P.3d 150, 166 (2016) (cleaned up). "Equitable estoppel is a defense requiring proof that one person wilfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment." Herrmann v. Herrmann, 138 Hawaiʻi 144, 155 n.11, 378 P.3d 860, 871 n.11 (2016) (cleaned up). "Quasi-estoppel . . . is a species of equitable estoppel precluding one from asserting to another's disadvantage, a right inconsistent with a position previously taken by him or her." Id. (cleaned up).

Employer fails to cite any evidence in the record to support its argument that the SCF waived, or should be estopped from asserting, the 30-day deadline under HAR § 12-10-33. As stated above, Employer failed to show good cause why LIRAB should allow the admittedly late joinder of the SCF. Under those circumstances, the SCF had no obligation to show it was prejudiced by the late joinder. Employer's waiver and estoppel argument is without merit.

**(3)** Employer argues that a conflict of interest existed because the director of the DLIR "controls" and "administers" the DCD, the SCF, and the LIRAB. Employer didn't raise this issue before the LIRAB until the hearing on its motion for reconsideration. The purpose of a motion for reconsideration

is to allow the parties to present arguments that could not have been presented during the earlier adjudicated hearing. Reconsideration is not a device to raise arguments that could and should have been brought to the LIRAB's attention during the earlier hearing. Cf. Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000).

"An order granting or denying a motion for reconsideration is reviewed for abuse of discretion. An abuse of discretion occurs where the circuit court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Tax Appeal of Subway Real Est. Corp. v. Dir. of Taxation, State of Haw., 110 Hawaiʻi 25, 30, 129 P.3d 528, 533 (2006) (cleaned up). Employer's conflict of interest issue could, and should, have been made to the LIRAB during the appeal hearing. The LIRAB did not abuse its discretion by denying Employer's motion for reconsideration on that issue.

For the foregoing reasons, the Amended Decision and Order entered by the LIRAB on May 8, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, April 24, 2023.

On the briefs:

Brian G.S. Choy,
Keith M. Yonamine,
for Employer-Cross Appellant-
Appellant and Insurance Carrier-
Cross Appellant-Appellant.

Li-Ann Yamashiro,
Staci I. Teruya,
Deputy Attorneys General,
Department of the Attorney General,
State of Hawaiʻi,
for Appellee-Appellee
Special Compensation Fund,
Department of Labor and
Industrial Relations.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge